Filed 7/6/15  In re Natalie P. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re NATALIE P., a Person Coming Under the Juvenile Court Law. | D067689 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3869) |
| v. | |
| ERIKA P., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Reversed and remanded with directions.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Emily K. Harlan, Deputy County Counsel, for Plaintiff and Respondent.

Erika P. appeals following the jurisdictional and dispositional hearing in the juvenile dependency case of her daughter, Natalie P. Erika contends the juvenile court erred by finding the San Diego County Health and Human Services Agency (the Agency) substantially complied with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and ICWA did not apply. The Agency concedes ICWA notice should have been sent to the Cherokee tribe, the ICWA-030 form (Cal. Rules of Court, rule 5.481(a)(4)(A) [Notice of Child Custody Proceeding for Indian Child]) was incomplete and contained typographical errors, and a reversal and a limited remand is necessary to effect and document proper ICWA notice.

In January 2015, the Agency filed a dependency petition for four-year-old Natalie. Natalie was detained with the paternal grandmother. In the detention report, the Agency noted that because Natalie's father (the father) was deceased, relatives would need to be asked about any Indian ancestry. On the day of the detention hearing, Erika completed an ICWA-020 form (Cal. Rules of Court, rule 5.481(a)(2) [Parental Notification of Indian Status]) in which she declared she might have Cherokee ancestry and a parentage inquiry in which she declared the father did not have any Indian heritage. The court ordered her to complete an ICWA-30 form and provide it to the Agency. The court ordered the Agency to give notice to the appropriate tribes and agencies.

A few days after the detention hearing, the maternal grandmother told the Agency she was adopted, her birth family had Cherokee heritage and she did not know her birth name or the names of any members of her birth family. The Agency asked Erika and the maternal grandmother to complete and return the ICWA-030 form.

2

At the next hearing, in February 2015, the court ordered Erika and the maternal grandmother to assist the Agency in completing the ICWA-030 form. The court ordered the Agency to give notice to the appropriate tribes and any appropriate agencies.

Nine days after the February 2015 hearing, the Agency mailed an ICWA-030 form to Erika, the Sacramento Area Director of the Bureau of Indian Affairs and the United States Secretary of the Interior. On the form, the Agency misspelled the maternal grandmother's surname. The form stated that neither Erika nor the maternal grandmother had named a tribe.

In March 2015, the court found there had been substantial compliance with ICWA and ICWA did not apply. The court made a true finding on the petition and ordered Natalie placed with a relative.

The Agency did not send ICWA notice to any of the federally recognized Cherokee tribes (78 Fed. Reg. 26384-02 (May 6, 2013)). The ICWA-030 form was incomplete and contained a typographical error. The record contains no evidence of any inquiry whether the father had Indian ancestry. We reverse the judgment and remand the case for the required ICWA inquiry and notice. (*In re Robert A.* (2007) 147 Cal.App.4th 982, 989-990.)

## DISPOSITION

The judgment is reversed. The case is remanded to the juvenile court with directions to order the Agency to (1) conduct an ICWA inquiry; (2) provide ICWA notice to any tribes the inquiry identifies; and (3) file all required documentation with the court. If, after proper notice, a tribe claims Natalie is an Indian child, the court shall proceed in

3

conformity with ICWA.  If, on the other hand, no tribe makes such a claim, the court shall reinstate the judgment.  The remittitur is to issue immediately.  (Cal. Rules of Court, rule 8.272(c)(1).)

                                                                        _____

                                                                                     McDONALD, J.

WE CONCUR:


_____
                     BENKE, Acting P. J.


_____
                         HUFFMAN, J.